IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 3:07-CR-00437-BR |
| | (3:11-CV-70018-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **RALPH RENE WILLIAMS,** | |
| Defendant. | |

**S. AMANDA MARSHALL**
United States Attorney
**FREDRIC N. WEINHOUSE**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

       Attorneys for Plaintiff

**RALPH RENE WILLIAMS**
# 14093-116
FCI Victorville Medium I
P.O. Box 5300
Adelanto, CA 92301

       Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Ralph Rene Williams's Motion (#158) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

For the reasons that follow, the Court **DENIES** Defendant's Motion and **DECLINES** to issue a certificate of appealability.

## BACKGROUND

On November 15, 2007, Defendant Ralph Rene Williams was charged in a one-count Indictment with robbing the U.S. Bank located at 3233 North Lombard, Portland, Oregon, in violation of 18 U.S.C. § 2113(a). On April 4, 2008, a jury found Defendant guilty.

On December 10, 2008, the Court sentenced Defendant to a term of 120 months imprisonment and ordered Defendant to pay restitution to U.S. Bank. Defendant appealed, and the Ninth Circuit affirmed the sentence.

On August 9, 2011, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

## STANDARDS

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence

> was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

## **DISCUSSION**

Defendant moves to vacate or to set aside his sentence on the ground that the government failed to establish an element of the crime for which Defendant was convicted. Specifically, Defendant contends the government did not establish the bank at issue was a member of the Federal Reserve System as required

3 - OPINION AND ORDER

under 18 U.S.C. § 2113(a).

The government asserts Defendant's claim is procedurally defaulted and, even if it is not procedurally defaulted, the government was required to prove only that the bank funds that Defendant stole were insured by the Federal Deposit Insurance Corporation (FDIC) and it is undisputed that the government did so.

**I.    Procedural Default**

It is undisputed that Defendant failed to raise at trial or on his direct appeal the claim that the government failed to prove an element of the crime with which Defendant was charged. The Supreme Court has made clear that when a defendant has failed "to raise [a claim] on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent."  *Bousley v. United States*, 523 U.S. 614, 622 (1998)(quotations omitted).

Defendant does not allege he is actually innocent but instead he contends he could not assert this claim earlier because "[t]he congressional report and federal bank robbery and banking statutes . . . where [*sic*] not available through the prison law library system but were obtained by Movant after direct appeal from other inmates."

Even if Defendant's explanation was sufficient to establish cause, which is doubtful, for the reasons noted below, Defendant

4 - OPINION AND ORDER

cannot establish he suffered prejudice because Defendant's claim is without merit.

## II. Merits

18 U.S.C. § 2113(a) provides in pertinent part:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association. . . . Shall be fined under this title or imprisoned not more than twenty years, or both.

Section 2113(f) defines "bank" under § 2113 to mean "any member bank of the Federal Reserve System, and any bank . . . or other banking institution organized or operating under the laws of the United States . . ., and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation."

Defendant contends the government failed to prove the bank at issue was a bank of the Federal Reserve System, and, therefore, the government failed to prove an element of the offense. In effect, Defendant asserts the government must prove the bank at issue is a member of the Federal Reserve System *and* the stolen funds were insured by the FDIC in order to prove the elements of the crime of Bank Robbery under § 2113(a).

The Ninth Circuit, however, has held the government must prove only that the bank at issue meets one of the definitions under § 2113(f) in order to prove the crime of Bank Robbery under

5 - OPINION AND ORDER

§ 2113. *See, e.g., United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003)("[The defendant] was convicted of armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d). An element of that crime . . . requires proof that the bank in question was a federally-insured financial institution at the time of the relevant conduct."); *United States v. Harris*, 108 F.3d 1107, 1108-09 (9th Cir. 1997)("Federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution. . . . "[F]or purposes of [the] statute, 'bank' means any bank whose deposits are insured by the Federal Deposit Insurance Corporation." (quotations omitted)); *King v. United States*, 426 F.2d 278, 279 (9th Cir. 1970)(government is required to prove the bank at issue meets at least one of the definitions of bank under § 2113(f)).

As noted, it is undisputed that the government established the funds in the bank at issue were insured by the FDIC. The Court, therefore, concludes Defendant has not and cannot establish prejudice on the ground that the government failed to prove any element of § 2113(a). Accordingly, the Court denies Defendant's Motion to Vacate or Set Aside Sentence.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Ralph Rene Williams's Motion (#158) to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 and **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED this 2nd day of December, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER